TRIMOUNT DREDGING CO. *vs.* RHODE ISLAND HOSPITAL TRUST CO. *et al.*

JANUARY 11, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   By this bill in equity complainant seeks to restrain respondent trust company from paying over to the respondent Rhoda G. Packard or her attorney the balance of a fund which it holds as trustee.   In the Superior Court the relief prayed for was granted in part and the cause is here on appeals by complainant and certain of the respondents.

On February 4, 1931, the respondent Rhoda G. Packard gave an option to William F. Callahan to purchase 500 shares of stock—being the entire capital stock of the Packard Dredging Co.—for the sum of $265,000.   Said Callahan assigned this option to the complainant and on February 16 a contract was entered into by the complainant and the respondent Rhoda G. Packard in accordance with the terms of which there was paid to her attorney $150,000, and $115,000 was deposited with the respondent trust company in return for the delivery to the complainant of the said shares of stock.   The agreement further provided that the complainant should proceed to determine the debts of said Packard Dredging Co. as of February 16, 1931, and that the amount of the same should be paid to the complainant out of the monies deposited with the respondent trust company.   Thereafter by agreement the fund in the hands of the trust company was reduced, by payments to the parties, to $10,000.   The complainant claims that from this amount it should be paid the sum of

$9,735.65 in payment of two items, one for $8,930 due on two contracts with the D. M. Dillon Boiler Works entered into prior to February 16, 1931, by the Packard Dredging Co., and the other item for $805.65, the balance due on attorney's fees for services rendered to said Packard Dredging Co. The contracts with the boiler works called for the installation of a boiler, two fuel tanks and an oil tank in the tug Triton belonging to the Packard Dredging Co. There were no payments due on either of these contracts on February 16, the date of the sale of said stock to the complainant. In support of its claim the complainant contends that the agreement of sale of February 16 should be construed in connection with the option to purchase of February 4, in which it was provided that, in case said option was exercised, the respondent Rhoda G. Packard should pay or cause to be paid *all liabilities* of the Packard Dredging Co. The complainant did not exercise the option according to its terms but negotiated and obtained a new agreement by the terms of which its position with respect to the obligations of the Packard Dredging Co. was made more secure. In this and in several subsequent agreements and in letters addressed to the respondent trust company the term "indebtedness" is used by the parties and the term "liabilities" does not appear in any of the transactions, except in the option to purchase. The agreement to purchase must be taken as the final expression of the intention of the parties. Its terms are clear and explicit and in the absence of fraud or mistake—and neither has been proven—it must be given the effect called for by its terms. The trial justice denied the relief prayed for as to this item.

It is clear that the obligation of the Packard Dredging Co. to the said boiler works was not a debt on February 16, 1931, as the conditions that would cause the obligation to ripen into a debt had not yet been performed. A debt is a liquidated demand, the payment of which is not dependent on the happening of any contingency or the performance of any condition. *Wing & Evans* v. *Slater*, 19 R. I. 597;

17 C. J. 1377. The complainant's contention, that the obligation of the Packard Dredging Co. arising out of the contract with the said boiler works is a charge on the fund remaining in the hands of the respondent trust company, cannot be sustained.

On May 26, 1931, the complainant and respondent Rhoda G. Packard entered into an agreement supplementary to the agreement of purchase of February 16 wherein it was provided, among other things, that $10,000 should be retained by the respondent trust company as security for the payment of any judgment that might be entered against the Packard Dredging Co. in a case then pending and referred to as the "Clattenberg case." The claim upon which this case was based arose, and a lawyer had been retained, before the complainant became interested in said company. The lawyer was paid $250 by the Packard Dredging Co. before February 16, and his services terminated after that date. The litigation resulted in a judgment against said company which was paid by Rhoda G. Packard who, however, declined to pay the balance of attorney's fees and disbursements amounting to $805.65. The trial justice sustained the complainant's claim as to this item and this ruling is the ground for the appeal of respondent Rhoda G. Packard. It is her contention that the balance of the attorney's bill was not a debt existing before the date of the sale of her stock.

In the original agreement and in the supplementary agreement of May 26, 1931, pending suits were made matters of special consideration. We are of the opinion that by a fair and reasonable construction of this part of the agreement Rhoda G. Packard undertook to dispose of this class of claims with all the necessary incidents thereto. While her express undertaking was to pay such judgments as might be obtained against the Packard Dredging Co., she was free to settle suits against said company without litigation and if suits were disposed of in this manner she would have no ground whatever to claim that the services

of counsel in this behalf should be paid by the Packard Dredging Co. As she was bound to pay any judgment that might be obtained against said company, she was vitally interested in the outcome of the Clattenberg case and was entitled by virtue of her agreement to the management and control of said case. While the attorney as a matter of record was employed by the Packard Dredging Co., he was as a matter of fact acting in behalf of Rhoda G. Packard.

Both the complainant's and respondents' appeals are denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*J. Raymond Dubee,* for complainant.

*James Harris, Malcolm D. Champlin, John C. Knowles,* for respondents.